UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-174-VMC-TGW

MARK ROBERT HARRIS

_____/

**ORDER**

Before the Court is defendant Mark Robert Harris' ("Defendant") Motion to Reinstate Conditions of Pretrial Release (Doc. 57), Motion Requesting Bond Hearing (Doc. 58), and Amended Motion to Reinstate Conditions of Pretrial Release (Doc. 60). The United States filed a response in opposition (Doc. 64). On May 13, 2020, after conduction a detention hearing, the Court ordered Defendant released on conditions which the Court found to be the least restrictive conditions in order to reasonable assure Defendant's appearance and the safety of any other person or the community. (Doc. 12). Thereafter, Defendant violated the conditions of release. Specifically, the Honorable Anthony E. Porcelli found by "clear and convincing evidence that [] Defendant [] violated the terms of his pretrial release, namely the failure to maintain his residence and the failure to participate in mental health treatment as directed." (Doc. 47

at 1).  As a result, Defendant was sanctioned with the revocation of his bond, pursuant to 18 U.S.C. § 3148.  (*Id.*).[1]

Defendant argues he should be re-released on bond.  In support, Defendant asserts that his wife can afford for him to reside with his family at a Travelodge motel.  (Doc. 60).  He further asserts that "transportation can be arraigned" for him to participate in the Salus mental health program.  The same mental health program he failed attend while previously on bond.  The United States opposes the request based on its "serious concerns about the unstable nature of both [D]efendant's proposed residence in a Travelodge and [D]efendant's relationship with his spouse, [D]efendant's lack of employment and any meaningful effort to secure acceptable employment during his prior period of pretrial release, and [D]efendant's mental health and his failure to attend counseling and properly medicate during his prior period of pretrial release." (Doc. 64 at 1).

While the Court, in its discretion, may reconsider its order of revocation and may reopen a detention hearing, 18 U.S.C. § 3142(f), nothing has been offered in the nature of new evidence that would cause the Court to reopen the hearing or change the outcome. *See United States v. Al-Bataineh*, No. 8:14-cr-208-T-30EAJ, 2014 WL 2968130, at *2 (M.D. Fla. July 1, 2014).  Given Defendant's previous failure to maintain his residence, permitting Defendant to live at a motel would not reasonably assure his

---

[1] According to the minutes of the hearing, it was indicated that the Court would reconsider its order of revocation if a viable residence is available to include a mental health facility.  (Doc. 45).

2

appearance as required.  More concerning to the Court, however, are Defendant's mental health and history of noncompliance with mental health treatment.  Based in part on the United States' exhibit filed under seal (Doc. S-67), the Court finds that Defendant poses a danger to himself and his wife.  Currently, there are no conditions of release which would reasonably assure their safety.

Accordingly, Defendant's Motion to Reinstate Conditions of Pretrial Release (Doc. 57), Motion Requesting Bond Hearing (Doc. 58), and Amended Motion to Reinstate Conditions of Pretrial Release (Doc. 60) are **DENIED**.

**ORDERED** in Tampa, Florida, this 19th day of February 2021.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE